## No. 13,819.

### STATE EX REL. THOMAS H. THORPE VS. W. S. FRAZEE, AUDITOR OF PUBLIC ACCOUNTS.

#### SYLLABUS.

1. The State Auditor is prohibited from drawing warrants upon the State Treasurer except in pursuance of specific appropriations made by law, and unless the person demanding a warrant can show such an appropriation no warrant should be drawn, and no *mandamus* to compel its drawing should issue.

2. Act No. 87 of 1900 authorizes the State printer to contract with a competent lawyer, with the approval of the members of this court, to edit and index the decisions of this court, fixes the compensation, *per annum*, of such lawyer, and determines the manner in which, and the fund from which, he shall be paid ; but the duration of the contract, to be thereafter made, is not fixed, and there is nothing in the language of the act to justify the supposition that the General Assembly was attempting to make a continuing appropriation, for an uncertain time, and of an uncertain amount. The act does not, therefore, violate any provision of the Constitution to which our attention has been called.

APPEAL from Civil District Court, Parish of Orleans—*Theard, J.*

*Ernest B. Kruttschnitt* for Relator, Appellee.

*Walter Guion*, Attorney General, for Defendant, Appellant.

The opinion of the court was delivered by MONROE, J.

#### STATEMENT OF THE CASE.

MONROE, J. It appears from the record that the relator, upon the 31st day of July, 1900, entered into a contract with the State printer, agreeably to the provisions of the act of the General Assembly No. 87 of the session of that year, for the editing and indexing of the decis-

ions of the Supreme Court of the State, for the term of two years, beginning August 1st, 1900, for a consideration of twelve hundred dollars a year, payable monthly; that the selection of the relator was approved by the chief justice and the associate justices of said court, and that he did the work, as contemplated by said act and contract, and received vouchers therefor, from the State printer, for the months of August, September and October, 1900, which vouchers he presented to the State auditor with the demand for warrants for corresponding amounts, but that the auditor refused to issue such warrants. The relator thereupon applied to the District Court for a writ of *mandamus,* and, having obtained a judgment making such writ peremptory, the matter has been brought before this court by appeal taken on behalf of the auditor. The facts are admitted, but the "respondent avers that he has so refused to issue warrants to relator * * * because Act No. 87, under and by virtue of which relator claims the right to enter into the contract with the State printer, and which is relied on by him as authority for the State printer to issue vouchers to him and for relator's right to demand of respondent the issuance to him of warrants for the amount of said vouchers, is not an act appropriating, or providing for the appropriation of, money to be drawn from the public treasury; * * * that it does not make any specific application of any specific amount to be paid out of the public treasury * * * and that no specific amount is or has been appropriated in, by, or through, said Act No. 87; and that no time has been fixed or prescribed by said act for the expiration of the period during which an appropriation should be made for the payment of the amount claimed; the whole in violation of the letter and spirit of Article 45 of the Constitution of 1898, which respondent now invokes in his favor as his reason for refusing the demand of the relator. Wherefore, averring that Act No. 87 of 1900 violates Article 45 of the Constitution of 1898, for the reasons aforesaid, respondent prays that said act be declared illegal, and not binding on respondent," etc.

The statute in question, so far as it is necessary to quote it, reads as follows, to-wit:

"Section 1. Be it enacted, etc., That the State printer be, and he is hereby authorized to contract with a competent lawyer, who must be approved by the judges of the Supreme Court, to edit and index the decisions of the Supreme Court, before publication thereof, under the

direction of said judges, at a rate of compensation not exceeding twelve hundred dollars a year.

"Sec. 2. Be it further enacted, etc., That the compensation of the lawyer so contracted with shall be paid out of the general fund on monthly warrants issued by the auditor of public accounts upon the production of vouchers of the State printer."

Article 45 of the Constitution of 1898, reads: "No money shall be drawn from the treasury except in pursuance of specific appropriations made by law; nor shall any appropriations of money be made for a longer time than two years," etc.

Our attention is also called to Section 184 of the Revised Statutes, which provides: "That no warrants shall be drawn by the auditor or paid by the treasurer unless the money to pay the same has been previously appropriated by law," etc. And to Section 196, which provides that "should the auditor knowingly issue any warrant upon the treasurer not authorized by law * * * he shall be deemed guilty of a misdemeanor," etc.

### OPINION.

The attack which the respondent makes upon the constitutionality of the act upon which the relator relies, appears to us to be an unauthorized deduction from a premise, which, of itself, constitutes a sufficient defense to the action. Thus, the respondent, for cause why the writ of *mandamus* should not issue to compel him to draw his warrant upon the State treasury, says, in substance, "the act of the Legislature which the relator invokes, as entitling him to the money claimed, and as authorizing the auditor to warrant for, and the treasurer to pay, the same, is not an act appropriating or providing for the appropriation of money to be drawn from the public treasury, and as the auditor is prohibited by the Constitution and by statute, under penalty, from drawing warrants upon the treasury except in pursuance of a specific appropriation, made by law, I must decline to draw the warrant as requested."

It is certainly true that no warrants are to be drawn on the treasury except in pursuance of specific appropriations, made by law; and if it be also true that the only law invoked by the relator fails to make such an appropriation, it must follow that no warrant can be drawn under its authority. So construed, however, the law in question, nevertheless,

authorizes the State printer to contract with a competent lawyer to edit and index the decisions of the Supreme Court, fixes the amount of compensation to be paid for the work, from year to year, as long as the law stands unrepealed, and the manner in which, and the funds from which, the payment shall be made; but leaves the matter of the actual appropriation for such payment to be dealt with either as separate legislation or else in connection with the general appropriation bills. And, as thus construed, there is no reason apparent to us for declaring it unconstitutional.

It is argued by the learned counsel for the relator that said law makes an appropriation within the meaning of the Constitution and authorizes and makes it the duty of the auditor to issue his warrants as prayed for, but we are unable to reach the conclusion thus suggested. The act does not purport, either from its title or from its context, to be a law appropriating money. Its provisions are in the form of those constitutional and statutory enactments which establish offices and fix the amounts which the incumbents are to receive and the manner in which they are to be paid, but which leave the actual payment to be provided for, from time to time, as part of the general expenses of the government. Thus the Constitution itself fixes the salaries and terms of office of many judicial and other officers, and provides that such salaries shall be paid monthly, upon the warrants of such officers, but no one can doubt that a specific legislative appropriation is necessary as the authority of the auditor and of the treasurer for any actual payment of such officers.

Nor could it be otherwise consistently with the constitutional prohibition against the making of appropriations extending beyond two years. The position, or employment, authorized by the act upon which the relator relies, does not differ in this respect from positions established under the direct authority of the Constitution. The apparent purpose of the General Assembly was to provide for the editing and indexing of the decisions of this court, for the future, indefinitely; and the contract, for two years, between the State printer and the relator was made, necessarily, after adoption of the act in question, passed to give effect to that purpose. It is evident, therefore, that the lawmakers did not know, and could not have known, when the act was adopted, what length of time the first contract which would be made under its authority would cover, or what amount of money such contract would call for, and it is not to be supposed that they undertook to make a

continuing appropriation for an indefinite period and of an indefinite amount.

We conclude, therefore, that the Act No. 87 of 1900 makes no appropriation and attempts to make none, and this conclusion can not be affected by the legislative history of the act, as given by the counsel for relator in their brief. We think it proper to say, here, that we very much regret the conclusion which we have been forced to reach, and which will have the effect of delaying the relator in obtaining the compensation, which he no doubt expected to receive promptly, for valuable, conscientious and efficient work, but, the law being as it is, there is no alternative.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and that the demand of the relator be rejected and his suit be dismissed at his cost.

BREAUX, J., concurs in the decree.